UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL ALLEN BARROW,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 1:26-cv-02492-KES-EPG

ORDER GRANTING SUBSTITUTION OF PARTY

(ECF Nos. 14, 15).

Plaintiff filed this action seeking judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his application for disability insurance and supplemental security income benefits. (ECF No. 1).

Now before the Court is Plaintiff's Motion to Substitute Richard Barrow as Plaintiff, following the death of Plaintiff Michael Barrow. (ECF No. 14). For the reasons set forth below, the Court shall grant Plaintiff's motion.

## I. BACKGROUND

On March 31, 2026, decedent Michael Barrow initiated this action seeking a review of the Commissioner's denial of his application for disability insurance benefits ("DIB") under 42

U.S.C. § 405(g) and denial of his application for Supplemental Security Income ("SSI"). (ECF No. 1). Plaintiff decedent's motion was filed on July 16, 2026. (ECF No. 14).

On April 30, 2026, decedent died from a brain hemorrhage. (ECF No. 14 at 1; citing ECF No. 14-1 at 1(decedent's death certificate)). Decedent died single with no children. Richard Barrow is decedent's father and next of kin. Additionally, Richard Barrow was conservator of decedent as of 2024. (ECF No. 14 at 1).

The motion states that decedent's SSI application was rendered invalid upon the death of decedent. However, the DIB application remains active, and the continued litigation of this matter is appropriate under Agency policy (POMS DI 23510.001). (ECF No. 14 at 1).

On July 20, 2026, Defendant Commissioner of Social Security filed a statement of non-opposition, indicating Defendant does not oppose Plaintiff's Motion to Substitute Party. (ECF No. 15).

## II. LEGAL STANDARD

Rule 25(a)(1) governs the issue of substitution and provides that: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed.R.Civ.P. 25(a)(1). Therefore, in deciding a motion to substitute under Rule 25(a)(1), the Court must consider whether:(1) the motion is timely, (2) the claims pled are extinguished, and (3) the person being substituted is a proper party. If the requirements of Rule 25(a) (1) are met, "[t]he substituted party steps into the same position as [the] original party." *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996). "Rule 25(a) should be applied flexibly and liberally to permit substitution of the party or parties who ... would adequately represent [the decedent's] interests." *In re Baycol Prods. Litig.*, 616 F.3d 778, 789 (8th Cir. 2010).

## III. ANALYSIS

As an initial matter, the pending motion was timely filed in accordance with Rule 25(a)(1). Decedent died on April 30, 2026, and the request for substitution was filed within 90

days of Michael Barrow's death. (ECF No. 14-1 at 1).

The Court next determines if the claims are extinguished. Substitution is limited to claims that are not extinguished by death of a party. The Regulations also provide that certain survivors may be entitled to posthumous payments of benefits. See 42 U.S.C, § 1383(b)(1)(A); 20 C.F.R. § 416.542(b). Because the Social Security Act expressly provides for benefits to be paid to survivors in the event they died before collecting benefits owed, Plaintiff's claims were not necessarily extinguished upon his death. The complaint indicates that Plaintiff applied for both disability insurance benefits and supplemental security income. Plaintiff addresses the distinction in benefits in the motion and states that litigation in this matter will only proceed under DIB, which is proper. *See* 42 U.S.C. § 1313(b)(1)(A). Thus, decedent's claim for disability income benefits may proceed. However, the claim for supplemental security income will be extinguished.

Finally, the Court determines if decedent's father, Richard Barrow is a proper party under Rule 25(a)(1)(3). Plaintiff states that "Michael Barrow died single and with no children" and that Richard Barrow is decedent's father and next of kin. (ECF No. 14 at 1). Attached to the motion is Plaintiff's death certificate, which supports this claim. (ECF No. 14-1 at 1). As disability insurance benefits may be paid to the parent of a deceased applicant, the Court finds that Richard Barrow is a proper party for the Title II claim. 20 C.F.R. § 404.503(b)(3).

## IV. CONCLUSION AND ORDER

Mr. Richard Barrow has presented evidence that establishes the requirements of Rule 25(a)(1) are met as to Plaintiff's claim for disability insurance benefits. However, as acknowledged in the motion, the application for supplemental security is extinguished and will not proceed.

Accordingly, the Court HEREBY ORDERS:

1. The motion to substitute Richard Barrow as Plaintiff (ECF No. 14) is GRANTED.
2. Richard Barrow shall be substituted for the Plaintiff to the extent Plaintiff seeks a review of the Commissioner's denial of his application for disability insurance benefits only.

3. The Clerk of Court is directed to add Richard Barrow as Plaintiff and terminate Michael Barrow as Plaintiff.

IT IS SO ORDERED.

Dated: **July 22, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE